IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
WICHITA FALLS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| V. | § | Criminal Number:   7:20-CR-047-O |
| | § | |
| HUNTER HEATH WEAVER (03) | § | |

### REPORT OF ACTION AND RECOMMENDATION ON PLEA BEFORE THE UNITED STATES MAGISTRATE JUDGE

This Report of Action on Plea is submitted to the court under 28 U.S.C. § 636(b)(3). This case has been referred by the United States district judge to the undersigned for the taking of a guilty plea. The parties have consented to appear before a United States magistrate judge for these purposes.

The defendant, defense counsel, and the Assistant United States Attorney appeared before the undersigned United States magistrate judge by video teleconference. Under the authority granted by the Coronavirus Aid, Relief, and Economic Security Act (CARES Act), the Chief Judge for the Northern District of Texas issued Special Order 13-9, Amended Special Order 13-9, Second Amended Special Order 13-9, Third Amended Special Order 13-9 and Fourth Amended Special Order 13-9 in which, among other things, she specifically found that felony pleas under Federal Rule of Criminal Procedure 11 cannot be conducted in person without seriously jeopardizing public health and safety. As a result, Special Order 13-9, Amended Special Order 13-9, Second Amended Special Order 13-9, Third Amended Special Order 13-9 and Fourth Amended Special Order 13-9 authorized the use of video teleconferences for the taking of felony guilty pleas in particular cases in which the district judge finds that the plea cannot be further delayed without serious harm to the interests of justice. Upon the defendant's motion, the district judge has made such a finding in this case. Accordingly, the defendant

appeared via video teleconference before the undersigned United States magistrate judge who addressed the defendant in open court and informed the defendant of, and determined that the defendant understood, the admonitions contained in Rule 11 of the Federal Rules of Criminal Procedure. The defendant pleaded guilty to Count One (1) of the Indictment (EFC No. 1) charging the defendant with a violation of 21 U.S.C. § 846. The undersigned magistrate judge finds the following:

1. The defendant, upon advice of counsel, has consented orally and in writing to enter this guilty plea before a magistrate judge subject to final approval and sentencing by the presiding district judge;

2. The defendant fully understands the nature of the charges and penalties;

3. The defendant understands all constitutional and statutory rights and wishes to waive these rights, including right to a trial by jury and the right to appear before a United States district judge;

4. The defendant's plea is made freely and voluntarily;

5. The defendant is competent to enter this plea of guilty;

6. There is a factual basis for the plea; and

7. The ends of justice are served by acceptance of the defendant's plea of guilty.

Although I have conducted these proceedings, accepted the defendant's plea of guilty, and recommended that the United States district judge find him guilty, upon the defendant's consent and the referral from the United States district judge, that judge has the power to review my actions in this proceeding and possesses final decision-making authority. Thus, if the defendant has any objections to the findings or any other action of the undersigned, he should make those known to the United States district judge within fourteen (14) days of today.

I recommend that defendant's plea of guilty be accepted, that the defendant be adjudged guilty by the United States district judge, and that sentence be imposed accordingly.

Additionally, in accordance with 18 U.S.C. § 3143(a)(2), the court considered detention or release of the defendant pending sentencing. The government had no objection to the continued release of the defendant and the United States Pretrial Services Officer reported that the defendant has complied with all conditions of release. Therefore, the court finds that the defendant does not pose a risk of nonappearance or a danger to another person or the community and shall be released pending sentencing. The defendant shall continue to comply with all of the conditions of release previously imposed.

Signed April 1, 2021.

_____
Hal R. Ray, Jr.
UNITED STATES MAGISTRATE JUDGE